Tompkins agt. Soulice.

## COURT OF APPEALS.

TOMPKINS appellant agt. SOULICE, Guardian &c. respondent.

A judgment of the Supreme Court affirming an order of a surrogate denying a motion for leave to discontinue proceedings of accounting in the matter of a guardian, and directing that the proofs be closed, is not an order or judgment which can be appealed to this court, because the surrogate's order affirmed in the Supreme Court is not a *final order*.

*September Term*, 1852. *Motion by respondent to dismiss the appeal in this case.* It appeared that Joseph Warren Tompkins Esq., of the town of White Plains in the county of Westchester, the appellant, was duly appointed by the surrogate of Westchester, guardian of the person of William E. Schotts, then an infant of five years of age and upwards, on the 19th of January 1847, until the infant should arrive at the age of fourteen years, and until another guardian should be appointed. That Tompkins acted as such guardian until the infant, Schotts, arrived at the age of fourteen years, when John Soulice, of the town of New Rochelle in the county of Westchester, was duly appointed guardian of said Schotts.

In the month of January 1847, Tompkins, alleging that he had while guardian received and paid out various sums of money as such guardian, for his ward, applied to the surrogate of Westchester to have his accounts finally settled, and obtained a citation for Soulice, the succeeding guardian, to attend the final settlement. The citation was returnable and returned on the 15th February 1847. The parties appeared before the surrogate on that day, and Tompkins rendered his accounts, verified, and filed them with the surrogate, together with the vouchers.

It appeared that the hearing was from time to time adjourned, and witnesses examined before the surrogate by the respective parties. That in consequence of an appeal to the chancellor having been taken by Soulice from an order of the surrogate closing the proofs, proceedings were suspended until the 24th August 1849, no order or decree of the surrogate having ever been made in relation to such accounts during that time. On the 24th August 1849, the day appointed for a further hearing before the surrogate, Tompkins appeared by Wm. H. Pemberton, his clerk, and Soulice by Wm. Silliman, his counsel, when Tompkins, by his clerk, read a notice of discontinuance, as follows:

(Title of the matter.)   " To Lewis C. Platt, Esq., surrogate of Westchester county:   I am now detained at Bedford, and sick, and it is impossible for me to file my amended account to day and have my witnesses in court; and as I find it necessary to file a new account, I am, therefore, compelled to withdraw my petition, account and all proceedings in the matter; and I do hereby withdraw the same and discontinue all proceedings in the matter, so that I can commence anew.   I tender and am ready to pay all costs and charges as soon as they are taxed and ascertained.

Dated August 24, 1849.             J. W. TOMPKINS."

The costs and charges of Soulice, the guardian, in all the proceedings in said accounting, and the fees and charges of the surrogate were then offered to be paid on behalf of Tompkins. The counsel for Soulice insisted that Tompkins had no right to discontinue the proceedings, and moved that the surrogate proceed and close the proofs; and thereupon the surrogate made the following order:

" At a Surrogate's Court, held in and for the county of Westchester, at the surrogate's office in the town of White Plains, on the 24th day of August 1849. Present Lewis C. Platt, surrogate. In the matter of the accounting of J. W. Tompkins, the late guardian of Wm. E. Schotts, an infant.   The matter having been adjourned to this day, and John Soulice, the general guardian of the above named infant, appearing by William Silliman, Esq. his proctor and counsel, and J. W. Tompkins appearing by Wm. H. Pemberton, and the said John Soulice having prepared to proceed in this matter, the said J. W. Tompkins, by his said

proctor and counsel, moved this court for leave to discontinue; which motion being opposed by the said guardian, it is therefore ordered, that the said motion to discontinue be denied, and that the hearing in this matter proceed; and the said guardian, by his counsel, therefore moved for an order that the proofs in this matter be closed; and it is therefore ordered that the proofs in this matter be closed.          LEWIS C. PLATT, *Surrogate.*"

Tompkins, on the 30th August 1849, appealed from this order to the general term of the Supreme Court in the second judicial district. And at a general term of said Supreme Court held at Poughkeepsie on the 13th January 1852, before Justices MORSE, BARCULO and BROWN, an order was made, after argument of the appeal, that the order or decree appealed from be affirmed with costs.

Tompkins, on the 6th March 1852, brought an appeal from the order of the Supreme Court to this court.

> WM. SILLIMAN, *for Motion.*
>
> N. HILL, JR., *Opposed.*

By the Court, RUGGLES, Ch. Judge.—In Messerve agt. Sutton (3 *Comst.* 546), Catharine Ann Messerve instituted proceedings before the surrogate of New York to recover a legacy, and cited the executors, who appeared and contested her right. The surrogate, after hearing, dismissed her petition. She appealed to the Supreme Court where the decision of the surrogate was reversed and he was directed to proceed with the account. On appeal to this court from the decision of the Supreme Court, a motion was made to dismiss the appeal on the ground that the judgment of the Supreme Court was not final. But it was held that the judgment of the Supreme Court was final as respected that court, and the motion was denied.

In another case determined in this court, there had been a final judgment in the Common Pleas of New York, which was reversed on writ of error by the Supreme Court, and a new trial ordered. An appeal from the judgment of the Supreme Court to the Court of Appeals was held to be well brought. But in both these cases, the original order in the court below, which was reversed in the Supreme Court, was a final judgment.

In that respect those cases differed from the present.    We can not review the judgment of affirmance by the Supreme Court in the present case, because the surrogate's order affirmed by the Supreme Court was not final.

The parties must proceed to a final determination in the Surrogate's Court, and if the appellant in the present case should feel aggrieved by that determination he can then appeal; and if the order now appealed from be one affecting the merits of the case, it may be reviewed on that appeal.